UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**

AUG 2 4 2006

AUG 24 2006

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| VIDEOJET TECHNOLOGIES, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE ABBOTT COMPANY, INC., | ) |
| | ) |
| Defendant. | ) |

**06CV4611**

**JUDGE FILIP**

**MAG. JUDGE VALDEZ**

**JURY DEMANDED**

## COMPLAINT

Plaintiff, Videojet Technologies, Inc. ("Videojet"), by and through its undersigned attorneys, for its complaint against The Abbott Company, Inc., ("Abbott"), states as follows:

### NATURE OF THE ACTION

1. This is an action for money damages and injunctive relief arising from Abbott's breach of a Distributor Agreement For U.S. Distribution of Videojet Technologies Products ("Distributor Agreement").

2. Videojet is a world-leading manufacturer of coding, printing and laser marking products, fluids, and accessories for the product identification industry. Videojet manufactures a wide variety of product coding and marking equipment using laser, ink jet, and thermal transfer technologies. Videojet's equipment and fluids are used by manufacturers to apply bar codes, logos, trademarks and similar markings to their products.

3. Videojet distributes its equipment, parts and supplies through a nationwide network of distributors. Abbott formerly was a Videojet distributor until its contract was terminated for cause in August 2006. Abbott owes Videojet $128,710 for equipment, parts and

supplies it purchased from Videojet prior to the termination. Additionally, pursuant to the Agreement, Abbott is required to return to Videojet all of Videojet's confidential and proprietary documents and materials. In this action, Videojet seeks to recover the sums owed by Abbott and the return of Videojet's confidential and proprietary documents and materials.

## THE PARTIES

4.      Videojet is a Delaware corporation with its principal place of business in Wood Dale, Illinois.

5.      Abbott is a Wisconsin corporation with its principal place of business in Wisconsin.

## JURISDICTION AND VENUE

6.      The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a)(1) in that the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

7.      Venue is proper in this judicial district under 28 U.S.C. § 1391(a)(2) in that a substantial part of the events and transactions giving rise to the claim occurred in this district. Specifically, Abbott placed orders for equipment, parts and supplies with Videojet at the latter's headquarters in Wood Dale, Illinois; the equipment, parts and supplies were shipped to Abbott from Wood Dale, Illinois; and the unpaid invoices were issued to Abbott from Videojet's headquarters in Wood Dale, Illinois. Alternatively, venue is appropriate in this district under 28 U.S.C. § 1391(a)(3) because Abbott consented to personal jurisdiction and venue in this district pursuant to Section 23 of the Agreement.

## COUNT I – BREACH OF CONTRACT

8. Videojet and Abbott first entered into the Agreement on September 15, 2000. The parties renewed the Agreement on an annual basis thereafter, most recently on February 2006. A true and correct copy of the Agreement (unsigned) is attached hereto as Exhibit A. A signed copy of the Agreement exists, but Videojet is currently unable to locate it.

9. Pursuant to the Agreement, between February 2006 and August 11, 2006, Abbott placed orders for equipment, parts and supplies with Videojet totaling $128,710. Videojet shipped the equipment, parts and supplies to Abbott in accordance with the contract, and the goods were accepted by Abbott without reservation or complaint.

10. Pursuant to Section 10 of the Agreement, payment was due thirty (30) days from the date of shipment of the goods. All of the goods in question were shipped prior to July 24, 2006. Accordingly, payment for all such goods is due and owing.

11. Videojet has demanded payment of the monies due and owing, but Abbott has refused and continues to refuse to pay said monies or any part thereof.

12. Videojet has fully performed all terms and conditions of the Agreement on its part to be performed. Alternatively, Videojet is excused from performance as a result of Abbott's breach of the Agreement.

13. Pursuant to Section 15(iv) of the Agreement, Videojet is entitled to recover all of its legal costs, including attorney fees, incurred in this action.

WHEREFORE, plaintiff Videojet Technologies, Inc. prays for judgment in its favor and against The Abbott Company, Inc. in the amount of $128,710; for its costs and attorney fees incurred in this action; and for all other legal and equitable relief to which it may be entitled.

<u>**COUNT II – INJUNCTIVE RELIEF**</u>

14.     Videojet incorporates paragraphs 1 through 13 by reference as if fully set forth herein.

15.     Pursuant to Section 11 of the Agreement, upon termination, Abbott was required to return to Videojet all sales literature, product documentation, service manuals, operator manuals, and similar documentation and materials.  Videojet has demanded the return of such materials, but Abbott has refused.

16.     Upon information and belief, Abbott has permitted and continues to permit a competitor of Videojet's to access, use and control Videojet's proprietary documents and materials.

17.     Abbott's failure to return said documents and materials, and dissemination of such materials to Videojet's competitor, has caused and will cause Videojet irreparable injury that cannot be adequately remedied by a money judgment or any other remedy at law.  Maintaining the confidentiality of Videojet's proprietary product literature, product manuals, service bulletins, and similar documentation is crucial to Videojet's continued business success and ability to compete in the marketplace.  If these materials are disseminated outside the scope of Videojet's network of distributors, Videojet's competitors will obtain an unfair business advantage, causing irreparable harm to Videojet's business and goodwill.

18.     Enforcement of the Agreement's terms requiring the return of Videojet's proprietary documents and materials will not cause unfair prejudice to either Abbott or the public.

WHEREFORE, plaintiff Videojet Technologies, Inc. prays that the court enjoin The Abbott Company from disseminating the afore-said documents and materials, and order the

- 4 -

immediate return of such documents and materials to Videojet. Videojet further prays for an

award of its costs and attorney fees incurred in this action, and for such other legal and equitable

relief to which it may be entitled.

Dated:   August 24, 2006                    **VIDEOJET TECHNOLOGIES, INC.**

By:

David F. Wentzel
McDERMOTT, WILL & EMERY LLP
227 West Monroe Street
Chicago, Illinois 60606
(312) 372-2000

**Attorneys for Plaintiff**

CHI99 4672901-1.037006.0038

- 5 -